FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FEB 2 6 2014

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST LOUIS

UNITED STATES OF AMERICA,    )
                             )
        Plaintiff,           )
                             )       **4:14CR00057 HEA/NCC**
v.                           )    No.
                             )
ASHLEY HOFFMAN KARANDJEFF,   )
                             )
        Defendant.           )
                             )
                             )

## INDICTMENT

## COUNT 1

(Wire Fraud)

The Grand Jury charges that:

A.  **Introduction**

1.  On August 29, 2008, defendant was sentenced by a United States District Court Judge in the Eastern District of Missouri to a 6 month term of incarceration and a three year period of supervised release.

2.  The conditions of supervised release required defendant: to notify the probation officer within 10 days of a change in employment; to notify third parties of risks occasioned by her employment; and, make payments toward restitution in monthly payments of at least $200.00, or no less than 10% of her gross earnings.

3.  Her term of supervised release expired on or about April 16, 2012.

B.   **The Scheme to Defraud**

4.    Beginning on or about March 19, 2011, and continuing through on or about September 14, 2012, in the Eastern District of Missouri,

**ASHLEY HOFFMAN KARANDJEFF,**

hereinafter referred to as defendant, devised, and intended to devise, a scheme and artifice to defraud her employer, VisionAble Surveillance Solutions, by means of materially false and fraudulent pretenses, representations and promises that, in her role as the office manager, she was managing the funds under her control in a forthright manner, well knowing that such pretenses, representations and promises would be and were false and fraudulent when made.

5.    It was part of the scheme and artifice to defraud that:

a.    Defendant applied for, and accepted, the position of Office Manager with VisionAble Surveillance Solutions without disclosing her prior felony conviction.

b.    Defendant's duties included processing payroll for the business using QuickBooks, a computer software which enabled defendant to initiate wire transfers of salary payments from the financial account of VisionAble Surveillance Solutions to the company's employees.

c.    Without the knowledge of her employer, defendant increased the number of hours she worked and her pay rate when she input the data into QuickBooks resulting in an increase of her pay of almost twice that which had been approved.

d.    During her employment, defendant overpaid herself more than $18,000.00.

C.   **The Wire Transaction**

6.    On or about March 21, 2012, in the Eastern District of Missouri,

**ASHLEY HOFFMAN KARANDJEFF,**

2

the Defendant, for the purpose of executing the above-described scheme to defraud, did

knowingly cause to be transmitted by means of wire communication in and affecting interstate

commerce, certain writings, signs, signals, pictures, and sounds, namely an electronic wire

transmission of funds in the approximate amount of $2,471.28 from the Bank of America

financial account of VisionAble Surveillance Solutions to the financial accounts of defendant

held at Vantage Credit Union.

   In violation of Title 18, United States Code, Section 1343.


## COUNT 2

The Grand Jury further charges that:

The Grand Jury realleges the facts set forth in paragraphs A and B of Count 1.

### C.   **The Wire Transaction**

   6.   On or about April 4, 2012, in the Eastern District of Missouri,

### **ASHLEY HOFFMAN KARANDJEFF,**

the Defendant, for the purpose of executing the above-described scheme to defraud, did

knowingly cause to be transmitted by means of wire communication in and affecting interstate

commerce, certain writings, signs, signals, pictures, and sounds, namely an electronic wire

transmission of funds in the approximate amount of $2,471.28 from the Bank of America

financial account of VisionAble Surveillance Solutions to the financial accounts of defendant

held at Vantage Credit Union.

   In violation of Title 18, United States Code, Section 1343.


## COUNT 3

The Grand Jury further charges that:

The Grand Jury realleges the facts set forth in paragraphs A and B of Count 1.

C.   **The Wire Transaction**

     6.   On or about September 7, 2012, in the Eastern District of Missouri,

**ASHLEY HOFFMAN KARANDJEFF,**

the Defendant, for the purpose of executing the above-described scheme to defraud, did

knowingly cause to be transmitted by means of wire communication in and affecting interstate

commerce, certain writings, signs, signals, pictures, and sounds, namely an electronic wire

transmission of funds in the approximate amount of $2,471.28 from the Bank of America

financial account of VisionAble Surveillance Solutions to the financial accounts of defendant

held at Vantage Credit Union.

    In violation of Title 18, United States Code, Section 1343.

**COUNT 4**

The Grand Jury further charges that:

The Grand Jury realleges the facts set forth in paragraph A of Count 1.

B.   **The False Statement**

     4.   On or about March 9, 2012, in the Eastern District of Missouri, the defendant,

**ASHLEY HOFFMAN KARANDJEFF,**

in a matter within the jurisdiction of the United States Probation Office, an office of the United

States Judiciary, did knowingly and willfully make and use and cause to be made and used a false

document, knowing the same to contain a materially false, fictitious and fraudulent statement, in

that, defendant submitted a pay stub which fraudulently reflected that she received $1,040.00 from

4

VisionAble LLC when in truth and in fact, as **ASHLEY HOFFMAN KARANDJEFF,** then well knew, she received a payment of $2,614.16 from VisionAble Surveillance Solutions.

In violation of Title 18, United States Code, Section 1001.


## COUNT 5

The Grand Jury further charges that:

The Grand Jury realleges the facts set forth in paragraph A of Count 1.

B.  **The False Statement**

4.  On or about March 23, 2012, in the Eastern District of Missouri, the defendant,

### ASHLEY HOFFMAN KARANDJEFF,

in a matter within the jurisdiction of the United States Probation Office, an office of the United States Judiciary, did knowingly and willfully make and use and cause to be made and used a false document, knowing the same to contain a materially false, fictitious and fraudulent statement, in that, defendant submitted a pay stub which fraudulently reflected that she received $1,040.00 from VisionAble LLC when in truth and in fact, as **ASHLEY HOFFMAN KARANDJEFF,** then well knew, she received a payment of $2,880.00 from VisionAble Surveillance Solutions.

In violation of Title 18, United States Code, Section 1001.

5

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.  Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Counts 1 through 3, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to said offense.

2.  Subject to forfeiture is a sum of money equal to the total value of the property constituting, or derived from, proceeds the defendant(s) obtained directly or indirectly, as a result of such violation.

3.  If any of the property described above, as a result of any act or omission of the defendant(s):

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third party;

   c.  has been placed beyond the jurisdiction of the court;

   d.  has been substantially diminished in value; or

   e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to

6

Title 21, United States Code, Section 853(p).

          A TRUE BILL.


          _____

          FOREPERSON

RICHARD G. CALLAHAN
United States Attorney


_____

TRACY LYNN BERRY - 014753 TN
Assistant United States Attorney

7